IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NOEL VALDIVIA, SR.,

      Petitioner,                      No. CIV S-05-0416 FCD DAD P

      vs.

JILL BROWN, et al.,

      Respondents.               ORDER

_____/

      Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 42 U.S.C. § 2254. In 1981, petitioner pled guilty to murder in the first degree and was sentenced to a term of 25 years to life in state prison. In the pending petition, petitioner challenges a June 1, 2004 by the Board of Prison Terms (BPT). This is petitioner's sixth parole denial. The habeas petition has been fully briefed and is submitted for decision. Before the court is petitioner's motion for an evidentiary hearing.

      Petitioner presents nine claims in challenging the denial of parole: (1) violation of due process by the Superior Court for failing to consider all claims raised by petitioner, (2) violation of his rights to due process and equal protection by the state's breach of his plea bargain agreement, (3) violation of due process by the BPT's failure to set a parole date as required by state regulations and the state penal code, (4) violation of due process by BPT in that their parole

1

denial decision is not supported by some evidence, no psychiatric evaluation was conducted prior to the hearing, and the BPT continues to deny parole based on the commitment offense which is an unchanging factor, (5) Eighth Amendment violation by BPT which has converted petitioner's sentence to life imprisonment without the possibility of parole, (6) violation of petitioner's right to equal protection in that other prisoners have been released who have committed more serious crimes and have a more extensive criminal history than petitioner, (7) violation of due process when petitioner's prior parole hearings were delayed, (8) violation of the Eighth Amendment's prohibition against cruel and unusual punishment by BPT's consideration of a 2002 disciplinary write-up which was dismissed on appeal, and BPT's failure to set a term of confinement less than life imprisonment, and (9) violation of petitioner's protected liberty interest because BPT's parole hearings are "predetermined" and their decision is based on unchanging factors, such as, the commitment offense and non-serious disciplinary infractions. (Petition, Attach. Petition and Mem. P&A at 6.)

      Petitioner moves the court to order an evidentiary hearing "to determine factual questions of law" as to his fourth and seventh claims. (Mot. at 1.)  Petitioner contends that an evidentiary hearing would demonstrate that the parole consideration hearings are arbitrary, that hearings are set and held when there are no psychiatric reports available, and that parole hearings are also delayed by postponements when psychiatric reports are unavailable. (Id. at 2-3.)

      As to his fourth claim, petitioner argues that the BPT routinely relies upon a prisoner's commitment offense to deny parole. He attaches the declarations of ninety-six prisoners, submitted on a preprinted form with blank spaces where each prisoner has inserted the date when he was eligible for parole and the number of times he has been denied parole. (Mot., Ex. A.)  The declarations include the following boilerplate statements:

> 3. Each and every time that I've appeared before the Board I was found unsuitable for parole.  In finding me unsuitable for parole the Board cited the circumstances of my commitment offense as the primary reason for denying parole, (i.e. the crime was particularly or especially cruel, callous, heinous or egregious).

       4.  Additionally, the board made their finding of unsuitability without comparing my commitment offense to other crimes of a similar magnitude or which constitute a similar threat to the public safety as required by California Penal Code Section 3041(a).

(Id.)

       As to his seventh claim, petitioner argues that the BPT has failed to hold timely parole hearings.  Attached to petitioner's motion is a report by the California Office of the Inspector General (OIG), dated July of 2005, which follows an audit of the Board of Prison Terms' compliance with previous OIG recommendations to the Board.  (Mot., Ex. B.)  Petitioner contends that the Inspector General concluded that the BPT does not have an efficient system to ensure that prisoners receive timely hearings and psychiatric evaluations.  (Mot. at 2.)

       Turning to the merits of the pending motion, the determination of whether a petitioner may receive an evidentiary hearing is controlled by section 2254(e)(2) which provides:

       If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that - -

       (A) the claim relies on - -

         (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

         (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

       (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

       In his motion petitioner does not indicate whether the factual basis for his fourth and seventh claims were developed in state court proceedings, or whether he made a diligent effort to do so.  In addition to these deficiencies, the court finds that an evidentiary hearing is unnecessary.  To the extent that petitioner seeks to demonstrate that the commitment offense is

3

used to deny parole, this is undisputed by the respondents.  See Answer[1], filed June 16, 2005, at 10.  Moreover, the record before this court already contains a transcript of the parole hearing during which petitioner's commitment offense was discussed by the BPT Commissioners.  Therefore, an evidentiary hearing with respect to this claim would only produce cumulative evidence.  See Bashor v. Risley, 730 F.2d 1228, 1233 (9th Cir. 1984) (holding that an evidentiary hearing is not required on issues that can be resolved by reference to the state court record).  The same is true with respect to petitioner's request for an evidentiary hearing in connection with his seventh claim.  Petitioner's contention that his parole hearings were delayed has been addressed and briefed in his petition and traverse.  Additional evidence with respect to that issue would be cumulative.

Accordingly, petitioner's August 1, 2005 motion for an evidentiary hearing is denied.

IT IS SO ORDERED.

DATED: February 27, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
vald416.eh

---

[1] Court document number 16.