

FILED

JUN 17 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
              DEPUTY CLERK

DANIEL J. BRODERICK, #89424
Federal Defender
ANN C. McCLINTOCK, Bar #141313
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorney for Petitioner
NOEL VALDIVIA, SR.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL VALDIVIA, SR.,<br><br>                Petitioner,<br><br>    v.<br><br>JILL BROWN, Warden, et al.,<br><br>                Respondents. | DC No. 2: 05-cv-0416 FCD DAD<br>Eastern District of California, Sacramento<br><br>[PROPOSED] **2nd WRIT OF HABEAS CORPUS AD TESTIFICANDUM**<br><br>Date:    June 25, 2010<br>Time:   10:00 a.m.<br>Judge:  Hon. Frank C. Damrell, Jr. |

TO: Vince Cullen, Acting Warden of San Quentin State Prison, San Quentin, CA, 94964,

YOU ARE COMMANDED to produce prisoner Noel Valdivia, Sr. (C-29917) to testify before the United States District Court for the Eastern District of California, 501 I Street, Sacramento, California, 95814, in Courtroom 2, 15th Floor, on June 25, 2010, at 10:00 a.m., and from day to day until completion of the proceedings, and to make the prisoner available to pretrial services for interview before the hearing; and thereafter to return the prisoner to the above-named institution, unless otherwise ordered by the Court.

FURTHER, you are ordered to notify the Court of any change in custody of the prisoner and to provide the new custodian with a copy of this writ.

1    The Clerk of the Court is directed to serve a courtesy copy of this order and writ

2  of habeas corpus ad testificandum on the Out-To-Court Desk, San Quentin State Prison, San

3  Quentin, CA,  94964.

4  Dated:  June _17_, 2010

5

6

7                                        UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | DANIEL J. BRODERICK, #89424
Federal Defender
2 | ANN C. McCLINTOCK, Bar #141313
Assistant Federal Defender
3 | 801 I Street, 3rd Floor
Sacramento, California 95814
4 | Telephone: (916) 498-5700

5 | Attorney for Petitioner
NOEL VALDIVIA, SR.
6

7

8 | IN THE UNITED STATES DISTRICT COURT

9 | FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 | NOEL VALDIVIA, SR.,                    )  DC No. 2: 05-cv-0416 FCD DAD
                                          )  Eastern District of California, Sacramento
12 |                Petitioner,            )
                                          )  **APPLICATION FOR WRIT OF**
13 |        v.                             )  **HABEAS CORPUS AD**
                                          )  **TESTIFICANUM; [PROPOSED]**
14 |                                       )  **WRIT OF HABEAS CORPUS AD**
     JILL BROWN, Warden, et al.,          )  **TESTIFICANDUM**
15 |                                       )
                Respondents.              )  Date:    June 25, 2010
16 |                                       )  Time:    10:00 a.m.
                                          )  Judge:   Hon. Frank C. Damrell, Jr.
17 |                                       )
                                          )
18 | _____       )

19 | <u>**APPLICATION FOR WRIT OF HABEAS CORPUS**</u>
<u>**AD TESTIFCANMUN**</u>
20

21 |        Petitioner, NOEL VALDIVIA, SR., prisoner number C-29917, by and through

22 | the Office of the Federal Defender, requests this Court issue a writ of habeas corpus ad

23 | testificandum compelling Respondents to produce Mr. Valdivia at the Sacramento County Jail

24 | at least one day before the June 25, 2010 hearing in this matter so that Mr. Valdivia is be

25 | available for interview by pretrial services and to produce him in court for the hearing on the

26 | pending motion for immediate release so that he is available to testify at the hearing.

27 | / / /

28

**ARGUMENT**

This Court has determined that Petitioner was unconstitutionally denied parole in 2004. This Court granted Petitioner habeas relief after concluding there was no evidence to support the June 1, 2004, California Board of Prison Terms's[1] decision to find Petitioner unsuitable for parole. Docket entry no. 46. This Court specifically found "the evidence before the [Board] consistently demonstrated that Petitioner has posed a low risk of violence to the community in which he would be paroled. Some evidence does not support the [Board's] contrary findings." *Id.* page 7.

Petitioner has been incarcerated in state prison for nearly 30 years. This court granted petitioner habeas relief over two years ago. Petitioner has suffered a long delay in his release prompted by the Respondents' appeal and stay of the remedial order. Now that the Ninth Circuit has lifted the stay of this court's remedial order and now that the Board has determined Petitioner's term, Petitioner should not have to remain in prison serving an excessive amount of time for his commitment offense. The Board determined that a 284 month term of imprisonment was enough time to punish him. Petitioner fully completed serving this term many years ago and now has almost 30 years in custody. Nonetheless, Respondents continue to keep Petitioner imprisoned while awaiting briefing and the ultimate decision on their appeal.

Petitioner has filed a motion seeking an order for Petitioner's immediate release, Docket entry no. 60, which this Court has now set for hearing on June 25, 2010, at 10:00 a.m. Docket entry no. 61. Petitioner believes that this Court's release decision will benefit from information it may gain from Petitioner and from the participation and assistance of pretrial services. As mentioned in the motion for release, Petitioner's family is supportive of Petitioner's parole and are active in his parole plans. Petitioner plans to live with his parents, Amalia and Jose Valdivia, in Stockton, California. His parents own their own home which is where Petitioner plans to live once released. Either parent or another family members may

---

[1] The Board of Prison Terms has been replaced by or converted into the Board of Parole Hearings. Petitioner shall simply reference either entity as the "Board."

1   be available to act as third party custodial, if the Court believes one is needed.  Making

2   Petitioner available to pretrial services will also assist the Court in its decision making.  For

3   this reason, Petitioner asks that he be brought to the Sacramento County Jail or other local

4   locale and be made available to pretrial services for an interview before the hearing on his

5   motion for his immediate release.

6           To determine what, if any, conditions the Court should impose on Petitioner's

7   release,[2] the Court should issue the writ so Petitioner is available at the hearing and so that

8   pretrial services may interview Petitioner, in addition to others, in advance of the June 25,

9   2010, hearing.

## CONCLUSION

11          This court should exercise its inherent power to enforce its habeas grant, and its

12  power under Fed. R. App. P. 23(c), by ordering Petitioner's release pending Respondents'

13  appeal.  To best determine what, if any, conditions the Court should impose on Petitioner's

14  release, the Court should issue the writ of habeas corpus ad testificandum so that Petitioner

15  is available as a witness at the June 25, 2010, hearing and so that pretrial services may

16  interview Petitioner, in additional to others, in advance of that same hearing.

17  Dated: June 14, 2010

18                                          Respectfully submitted,

19                                          DANIEL J. BRODERICK
                                            Federal Defender
20

21                                          /s/ Ann C. M$^c$Clintock
                                            ANN C. M$^c$CLINTOCK
22                                          Assistant Federal Defender

23                                          Attorneys for Petitioner
                                            NOEL VALDIVIA, SR.
24

25

26  [2] This Court has broad authority to order a prisoner's release pending appeal of a grant
    of habeas corpus and that authority is governed by the standards of Fed. R. App. P. 23(c).  The
27  Court's authority starts with the presumption that the prisoner will be release on his own
    recognizance with or without surety.  *Id.*; *Hilton v. Braunskill*, 481 U.S. 770, 774, 107 S.Ct.
28  2113, 95 L. Ed. 2d 724 (1987); *Marino v. Vasquez*, 812 F.2d 499, 508 (9th Cir. 1987).  The
    power derives from the Court's power to issue the writ itself.  *Marino*, 812 F.2d at 508.  Bail
    may be set, but is not governed by the Bail Reform Act.  *Id.*