UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

NOEL VALDIVIA, SR.,

        Petitioner,

   v.

JILL BROWN, Warden, et al.,

        Respondents.

NO. CIV. S-05-0416 FCD DAD

ORDER

----oo0oo----

This matter is before the court on respondent Jill Brown's ("respondent") renewed application for a stay of the court's March 14, 2008 order granting petitioner Noel Valdivia, Sr.'s ("petitioner") habeas petition. Respondent moves for a stay of the court's order pending appeal in light of intervening authority. Petitioner opposes the motion, asserting that the motion is moot under the circumstances in this case.

Federal Rule of Appellate Procedure 8(a) provides that a party must move in the district court for a stay of the judgment or order of a district court pending appeal. In the context of a habeas corpus matter, "Federal Rule of Appellate Procedure 23(c)

1

provides that, when the Government appeals a decision granting a writ of habeas corpus, the habeas petitioner shall be released from custody," unless the court rendering the decision orders otherwise.  Hilton v. Braunskill, 481 U.S. 770, 772 (1987).[1] Rule 23(c) "undoubtedly creates a presumption of release from custody in such cases," but the presumption may be overcome where the factors traditionally considered in deciding whether to stay a judgment in a civil case, "tip the balance against it."  Id. at 774, 777.  These factors include: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits [of its appeal]; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  Id. at 776-77.

In this case, the court's March 14, 2008 order, which granted petitioner's habeas petition, ordered:

> Within thirty days of the date of this order, the California Board of Parole Hearings (formerly the Board of Prison Terms) must calculate a term for Petitioner in accordance with the requirements of California Penal Code § 3041(a).  Within forty days of this order, respondent must file a notice with the court identifying the date set for Petitioner's release.

After the court denied respondent's motion to stay on March 21, 2008, respondents successfully moved for a stay in the United States Court of Appeals for the Ninth Circuit.  Subsequently, on

---

[1] Fed. R. App. Proc. 23(c) provides: "While a decision ordering the release of a prisoner is under review, the prisoner must – unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise – be released on personal recognizance, with or without surety."

2

May 5, 2010, the Ninth Circuit lifted its stay, noting that respondents had failed to demonstrate a likelihood of success on the merits.

On June 4, 2010, the Board of Parole Hearings conducted a remedial parole hearing and set Valdivia's total period of confinement at 284 months, or 12 years and 8 months. At that time, Valdivia had served almost 29 years in prison. On June 7, 2010, Valdivia moved for his immediate release. On June 25, 2010, the court granted the motion and ordered Valdivia released from prison within fifteen days. On July 8, 2010, Valdivia was released from prison.[2]

Because the Board of Parole hearings calculated a term for Petitioner in accordance with the requirements of California Penal Code § 3041(a) and set a date for release, and because petitioner has been released, the court's March 14, 2008 order has been fully executed. As such, there is nothing for the court to stay.[3] Accordingly, respondent's motion to stay is DENIED as MOOT.

/////

---

[2] In opposition to petitioner's motion for immediate release, respondents argued that petitioner should not be released until the Governor had the opportunity to exercise his authority to review the Board's decision. The time for the Governor to act on the Board's decision has now expired, and the Governor has not rendered a decision in Valdivia's case.

[3] The court notes that respondents' motion does not actually seek a stay, but rather reversal of the court's March 14, 2008 order. Indeed, respondents provide that "staying this matter will properly result in Valdivia's re-incarceration." (Renewed Application for Stay, filed Oct. 29, 2010, at 4 n.1.) While intervening authority may or may not require reversal by the Ninth Circuit, this court does not have jurisdiction to order the relief sought by respondents.

3

1 |     IT IS SO ORDERED.
2 | DATED: December 8, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE